O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 02-00814 (A) DDP |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | ) | |
| | ) | |
| HECTOR DANIEL GARCIA, | ) | [Motion filed on May 19, 2008] |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) on the basis of new sentencing guidelines for crack cocaine offenses ("Amendment 706"). See U.S.S.G. § 2D1.1, App. C, Amdt. 706. Having reviewed the materials submitted by the parties and considered the arguments therein, the Court denies Defendant's motion and adopts the following order.

**I. BACKGROUND**

On August 2, 2002, Defendant Hector Daniel Garcia ("Garcia") was indicted on four counts. The Indictment charged Garcia with possession for sale of 5.9 grams of cocaine base and 2.12 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and felon in

possession of firearms in violation of 18 U.S.C. § 922(g)(1). On December 16, 2002, the Government filed an information pursuant to 21 U.S.C. § 851, alleging that Garcia had previously been convicted of a felony drug offense. On April 4, 2003, a First Superseding Indictment ("FSI") was filed. The FSI alleged six counts involving possession of firearms and possession of the same quantity of cocaine base and methamphetamine that was previously charged. A jury convicted Garcia on four of those counts: (1) felon in possession of a firearm, 18 U.S.C. § 922(g)(1); (2) felon in possession of ammunition, 18 U.S.C. § 922(g)(1); (3) possession with intent to distribute a mixture or substance containing more than 5 grams of cocaine base, 21 U.S.C. § 841(a)(1); and (4) possession with intent to distribute 2.12 grams of a mixture or substance containing a detectable amount of methamphetamine, 21 U.S.C. § 841(a)(1).

On the basis of the Sentencing Guidelines, the Presentence Report ("PSR") calculated an offense level of 28, on the basis of (1) 5.9 grams of cocaine base and 2.12 grams of "ice," (2) a two-level increase for possession of a firearm, and (3) a criminal history category of V, based on his prior conviction alleged in the information under 28 U.S.C. § 851. (PSR ¶¶ 42, 43, 45, 86, 90, 109.) After a three-level reduction for acceptance of responsibility, the PSR recommended a sentencing range of 120-125 months. (Id. ¶ 165.) This guideline range reflected a mandatory minimum of 10 years for the violation of 21 U.S.C. § 841(b)(1)(B) in conjunction with the § 851 enhancement . (Id. ¶ 166). Without the mandatory minimum, the range would have been 100-125 months.
///

At the September 29, 2003, sentencing hearing, Garcia confirmed to the Court that he had enough time to prepare for his sentencing, that he had reviewed the PSR and the Addendum to the PSR with his attorney, and that he reviewed the Probation Officer's letter to the Court which set forth the proposed sentence with the terms. (Def.'s Mot. Ex. B at 4-5.) His attorney represented that he and the Government were "essentially in agreement. This is a 10-year mandatory minimum case. We are not objecting to anything in the report." (Id. at 5; see also id. at 6 ("The Court: Your client understands that this is a mandatory sentence. The Court has no discretion. Mr. Cephas: Yes, Your Honor.").) Counsel represented that Garcia hoped to be successful on appeal as to the pretrial orders. (Id. at 5.)

Defendant filed a direct appeal to the United States Court of Appeals for the Ninth Circuit. Defendant did not challenge the imposition of the mandatory minimum based on the finding of crack cocaine and the § 851 enhancement on direct appeal. Nor has defendant filed a petition pursuant to 28 U.S.C. § 2255 challenging his sentence pursuant to the mandatory minimum.

Defendant now moves to reduce his 120-month sentence to 84 months pursuant to Amendment 706.

**II.  LEGAL STANDARD**

The Sentencing Guidelines for crack cocaine offenses have been amended. See U.S.S.G. § 2D1.1, App. C, Amdt. 706. Amendment 706 adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in § 2D1.1's Drug Quantity Table. Amendment 706 became effective November 1, 2007. As of March 3, 2008, 18 U.S.C. § 3582(c)(2) authorizes sentence

reductions for crack cocaine offenders who were sentenced prior to November 1, 2007. U.S. v. Ross, 511 F.3d 1233, 1237 n.2 (9th Cir. 2008).

Section 3582(c)(2) provides that

> in the case of a defendant who has been <u>sentenced to a term of imprisonment based on a sentencing range</u> that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). Therefore, Section 3582(c) "allow[s] modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'; and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United Stats v. Linear, 574 F.3d 668, 673 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)). "Courts may now modify a term of imprisonment where the underlying offense involves crack cocaine - but only if the two requirements of § 3582(c)(2) are satisfied in a given case." Id.

"In determining whether, and to what extent, a reduction in the term of imprisonment is warranted . . . under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) . . . been in effect at the time the defendant was sentenced." 18 U.S.C. § 1B1.10(b)(1). A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments is applicable to the defendant or an amendment does not have the effect of lowering the defendant's applicable guideline range.

4

U.S.S.G. § 1B1.10(a)(2).  Nor is a reduction authorized if "an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  Id. § 1B1.10 cmt (n.1(A)).

## III. DISCUSSION

Garcia seeks a reduction in his sentence from 120 months to 84 months.  According to Garcia, the amendment in the Sentencing Guidelines reduces the combined offense level for 5.9 grams of cocaine base and 2.12 grams of "ice" from 26 to 24.  Combined with a two-level increase for firearm possession, a three-level reduction for acceptance of responsibility, and Garcia's criminal history category of V, Garcia argues, his proper sentencing range is reduced from 120-125 months to 84-105 months.

Garcia raises three arguments in support of his motion. First, he argues that it is appropriate to consider a sentence reduction because, even though he was subject to a statutory mandatory minimum, § 3582 applies when the change in the Guidelines alters the <u>sentencing range</u> which, according to Garcia, is different than the actual <u>sentence</u>.  In other words, Garcia argues that the statutory mandatory minimum does not change the sentencing range because the court could have imposed a higher sentence based on the sentencing guideline range.  Second, Garcia challenges the imposition of the mandatory minimum in the first place because the Government did not meet the requirements of § 851 in proving the existence of a prior conviction.  Third, Garcia challenges the imposition of the mandatory minimum because the Government did not

charge and the jury did not find that Garcia possessed "crack," as opposed to cocaine base generally.

In raising the argument as to a finding of "crack," Garcia refers to Untied States v. Hollis, 4090 F.3d 1149 (9th Cir. 2007), in light of Aprrendi v. New Jersey, 530 U.S. 466 (2000). In Hollis, the court found that the enhanced penalty for "cocaine base" only apply where the indictment charges and the jury finds "crack." Hollis, 490 F.3d at 1156 (9th Cir. 2007) (citing United Stats v. Edwards, 397 F.3d 570, 575 (7th Cir. 2005)). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

**A.  Applicability of § 3582**

Defendant argues that 18 U.S.C. § 3582 is applicable where Amendment 706 has the effect of altering the sentencing range regardless of the actual sentence. Garcia was sentenced for violating 21 U.S.C. § 841(b)(1)(B) with an enhancement under § 851, which carries a mandatory minimum sentence of 120 months. "[A] reduction . . . is not authorized under 18 U.S.C. 3582(c)(2) if the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 cmt (n.1(A)) (internal brackets omitted).

Garcia's sentence cannot be reduced because it was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). His mandatory

6

minimum sentence of 120 months "was not affected by the change in the [drug] equivalency tables." United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996). As a result, § 3582(c)(2) does not apply to this case and cannot operate to reduce Defendant's sentence.

### B. Challenge to the Mandatory Minimum Sentence

Garcia argues, however, that the Court should not have sentenced him to the mandatory minimum in the first place because the Government failed to specifically allege, and the jury made no special finding, of "crack" as opposed to cocaine base on the § 841(a) charge and because the jury made no finding as to the § 851 enhancement for a prior felony conviction.

This claim is not cognizable on a § 3582 Motion to Reduce Sentence. In United States v. Paulk, 569 F.3d 1094 (9th Cir. 2009), the court was confronted with a similar issue. In Paulk, the defendant "pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)" and was sentenced to the statutory mandatory minimum because he had a prior conviction. Id. at 1095. Paulk filed a motion to reduce his sentence pursuant to § 3582. Id. The court held:

> In Mullanix we also rejected the argument that the defendant was entitled to resentencing because the mandatory minimum could be avoided due to a subsequent statutory enactment. [United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996)]. Therefore, we similarly reject Paulk's argument that the mandatory minimum could be avoided on resentencing due to the operation of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Id.

Garcia, therefore, cannot use § 3582 as an avenue for pursuing claims that should have been raised on direct appeal or in a petition for writ of habeas corpus under 21 U.S.C. § 2255.

**IV. CONCLUSION**

Defendant's Motion to Reduce Sentence is denied because § 3582 does not apply to this case and can, therefore, not have the effect of reducing Defendant's sentence.

IT IS SO ORDERED.

Dated: October 8, 2009

DEAN D. PREGERSON
United States District Judge